IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK ANTHONY RIBBING,
    Plaintiff,

v.                                                Case No.: 3:18cv303/MCR/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 8).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is actionable on its face. Dismissal of this action is therefore warranted.

Plaintiff brings his claims against the State of Florida, the "Florida State Attorney's Office," the "Florida Office of the Public Defender," and the Pensacola

Case No.: 3:18cv303/MCR/EMT

Police Department.  He claims that on August 29, 2011, Probation Officer Mary Jane McClellan, Pensacola Police Officer Thomas Bacon, and another individual unlawfully conspired to have him arrested and detained on "false allegations with no evidence" (ECF No. 1 at 3).  Plaintiff also appears to claim his speedy trial rights were violated by individuals at the state attorney's office and by the public defender who withdrew from his case.  Plaintiff states he was held by way of threat, duress, and coercion and that some of his intellectual property was stolen in the process (*id.*). Plaintiff thereby brings a multitude of claims, including claims under the First, Fourth, Sixth, and Fourteenth Amendments, as well as numerous federal statutes.  As relief he seeks nominal damages and unspecified injunctive relief (*id.* at 4).

      Plaintiff's claims are subject to dismissal because of the passing of the four-year statute of limitations.  "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought."  Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); *see* Owens v. Okure, 488 U.S. 235, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions").  In Florida, "[t]he applicable statute

of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); *see also* Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011); Ellison v. Lester, 275 F. App'x 900, 901 (11th Cir. 2008).

Although the length of the statute of limitations is resolved by reference to state law, the accrual date of a § 1983 action is governed by federal law. Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

Because the events complained of, and of which Plaintiff was clearly aware, occurred during 2011, the statute of limitations expired on his claims three years ago. Therefore, because it is facially clear that Plaintiff's claims are beyond the statute of limitations, the complaint is subject to dismissal.

Case No.: 3:18cv303/MCR/EMT

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 31st day of August 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:18cv303/MCR/EMT